13451

EDWARDS v. GRAND LODGE K. P. OF SOUTH CAROLINA

(165 S. E., 181)

*Mr. N. J. Frederick,* for appellant, 

*Mr. S. M. Busby,* for respondent.

July 18, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The defendant, a fraternal benefit association for negroes, on December 4, 1919, issued and delivered to William Edwards, a member of one of defendant's subordinate lodges, Dickerson Lodge No. 9, located at Columbia, an insurance policy for $300.00, in which the plaintiff, the wife of Edwards, was named as beneficiary. Upon the death of the insured, the defendant refused to make payment, on the ground that the insured was not in good standing at the time of his death, on account of having failed to pay his dues.

The trial, in the County Court of Richland County, before his Honor, Judge Whaley, resulted in a verdict and judgment in favor of the plaintiff for the full amount of the policy. The defendant, by its appeal to this Court, questions the correctness of the judgment below, for the reasons to which we hereinafter advert.

The constitution of defendant, a part of the contract with insured, provided that, if the insured became in arrears in his dues to the amount of $3.00, he should be suspended, and that neither he nor his beneficiary would be entitled to any benefits under the terms of the policy. The defendant claimed, and sought to establish by evidence it presented, that the insured was in arrears in his dues more than $3.00 on May 7, 1931, when he was suspended for non-payment of dues, and that he had not been reinstated at the time of his death on June 6, 1931. Receipt books, called "financial cards," issued by the sovereign lodge—not by the subordinate lodge—were, from time to time, after the adoption of the constitution and delivery of the policy, sold for a small fee and delivered to the insured at the instance of the sovereign lodge, for the purpose of keeping the record of the payment of dues by the insured. These cards contained a notice to the effect that members who became in arrears in their dues for six months would be suspended and lose their rights as to insurance. There was some question in the evi-

dence as to whether or not the insured was in arrears for six months at the time of his death. The trial Judge charged the jury that the notice in the financial cards might be considered by them on the question of waiver of the rules and regulations of the defendant, and the provisions of its constitution, to the effect that a member would be suspended who became in arrears to the extent of $3.00 or more. The defendant questioned the correctness of that charge, but we are of the opinion that it was a proper instruction to the jury under the evidence.

The plaintiff claimed that the insured had in his possession five of the receipt books, or financial cards, showing that he had paid his dues in full up to the time of the last payment due by him preceding his death. She produced four of these books, and the defendant admitted their correctness. The plaintiff testified as to the loss of one of the books. A witness for the plaintiff, Mr. White, testified that he had seen in the possession of the insured one book, not produced in the Court, a receipt book for 1931, containing entries showing payments by the insured of his dues for that year to a time sufficient to have kept the insured in good standing. The defendant contends that the testimony of Mr. White was not admissible.

We are inclined to think that, had proper objection been made by the defendant, the Court should have ruled out the testimony of Mr. White, because there was no proper proof of the loss of the book, and no proper proof as to the entries contained therein. Counsel for the defendant admitted, however, that there had been some evidence as to the loss of the book. He did not offer objection to the testimony of Mr. White as to the 1931 book and the entries he had seen. Counsel's failure to make proper objection at the proper time is, of course, a waiver of any right now to object to the introduction of the testimony about which he complains.

We find no error on the part of the trial Judge in refusing to grant the motion for a new trial, as complained of by the defendant. While the evidence of the defendant, tending to show that the insured was not in good standing, was right strong, there was some evidence to show confusion in the keeping of the records as to payments by the insured on the part of the subordinate lodge, and the evidence, already pointed out, as to the lost receipt book and what it showed.

The judgment below is affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.